[Cite as *State v. Young*, 2016-Ohio-5070.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No. L-15-1300

    Appellee                                     Trial Court No. CR0201502286

v.

Floyd D. Young                                **DECISION AND JUDGMENT**

    Appellant                                     Decided:  July 22, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Patricia Horner, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an *Anders* appeal.  Appellant, Floyd Young, appeals the judgment of

the Lucas County Court of Common Pleas, convicting him of one count of carrying

concealed weapons in violation of R.C. 2923.12(A)(2) and (F), a felony of the fourth

degree, and one count of felonious assault in violation of R.C. 2903.11(A)(2) and (D), a

felony of the second degree, with a lesser included firearm specification in violation of R.C. 2941.141. For the following reasons, we affirm.

{¶ 2} On August 7, 2015, the Lucas County Grand Jury entered a three-count indictment against appellant, including one count of carrying concealed weapons in violation of R.C. 2923.12(A)(2) and (F), a felony of the fourth degree, one count of having a weapon under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree, and one count of felonious assault in violation of R.C. 2903.11(A)(2) and (D), a felony of the second degree, with an attached firearm specification under R.C. 2941.145.

{¶ 3} On September 22, 2015, appellant entered a plea of no contest to, and was found guilty of, the counts of carrying a concealed weapon and felonious assault with the lesser included firearm specification under R.C. 2941.141. The remaining count of having a weapon under disability was dismissed.

{¶ 4} On November 12, 2015, appellant appeared before the court for a sentencing hearing. At sentencing, the trial court found that appellant had previously served a prison term, and so imposed a 14-month prison sentence for the count of carrying a concealed weapon. The court further imposed a five-year prison sentence for the count of felonious assault, along with a mandatory and consecutive prison term of one year for the attached firearm specification. The trial court ordered the sentences to be served consecutively, finding that consecutive sentences were necessary "to fulfill the purposes of R.C. 2929.11 and 2929.14(C)(4)," and "to protect the public from future crime or to punish the offender," and "are not disproportionate to the seriousness of the offender's conduct and

2.

to the danger the offender poses to the public." Moreover, the court found that "The defendant's criminal history demonstrate[s] that consecutive sentences are necessary to protect the public." Thereafter, the trial court entered its judgment memorializing its findings and sentence.

{¶ 5} Appellant has timely appealed his conviction. Subsequently, appointed counsel for appellant filed a brief and requested leave to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Id.* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel must also furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise additional matters. *Id.* Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

### Assignment of Error

{¶ 6} In her *Anders* brief, counsel has assigned the following potential error for our review:

3.

I. The trial court erred by imposing consecutive sentences without making findings required by R.C. 2929.14(C)(4) and *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177.

{¶ 7} Appellant has not filed a pro se brief or otherwise raised any additional matters.

## Analysis

{¶ 8} We review a felony sentence under the two-pronged approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 9} Relevant here, R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender

4.

and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 10} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus, the Supreme Court of Ohio clarified the responsibilities of a trial court when imposing consecutive sentences: "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into the sentencing entry, but it has no obligation to state reasons to support its findings." "[A] word-for-word recitation of the language of the statute is not required, and as long

as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 11} In her brief, appellate counsel acknowledges, and we agree, that the trial court engaged in the correct analysis, and that the record supports the court's findings. The fact that the trial court engaged in the correct analysis is demonstrated by the court's quotation of the language in R.C. 2929.14(C)(4) when making its findings. Furthermore, the court's finding that consecutive sentences were necessary to protect the public from future crime by appellant based on appellant's history of criminal conduct is supported by the presentence investigation report which detailed that appellant had five previous felony convictions and seven misdemeanor convictions within the past ten years. Therefore, we hold that the trial court's findings under R.C. 2929.14(C)(4) are not clearly and convincingly unsupported by the record.

{¶ 12} Accordingly, counsel's proposed assignment of error is without merit, and is not well-taken.

## Conclusion

{¶ 13} We have conducted an independent review of the record, as required by *Anders*, and find no issue of arguable merit for appeal. Therefore, counsel's motion to withdraw is hereby granted.

6.

**{¶ 14}** For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.